UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES L. MORELAND, et al.,

                       Plaintiffs,

      v.                                        9:18-CV-0181
                                                           (BKS/DJS)

GERARD JONES, et al.,

                       Defendants.

---

APPEARANCES:

JAMES L. MORELAND
14-B-1632
Plaintiff, pro se
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

JAMES E. NEWTON
14-B-2861
Plaintiff, pro se
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

I.    **INTRODUCTION**

      This action was purportedly commenced by pro se plaintiffs James L. Moreland

("Moreland") and James E. Newton ("Newton"), pursuant to 42 U.S.C. § 1983 ("Section

1983"). Dkt. No. 2 ("Compl.").[1] The plaintiffs are incarcerated in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").

## II.     DISCUSSION

Before the Court can review the complaint, two preliminary matters require attention. First, neither plaintiff has signed the complaint. *See* Compl. at 7-8. Second, Newton has failed to either pay the entire filing fee of $400.00 required for filing a civil action in federal court, or in the alternative, submit a signed, certified IFP application and inmate authorization form.

### A.     Obligation to Sign Documents

Rule 11(a) of the Federal Rules of Civil Procedure states:

> (a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented . . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a). Rule 10.1(c)(2) of the Local Rules of Practice for the Northern District of New York ("N.D.N.Y.L.R.") also requires that all documents submitted to the Court include the original signature of the pro se litigant.

---

[1] On February 13, 2018, this action was transferred to the Northern District of New York from the Southern District of New York, Dkt. No. 3, and the action was administratively closed based on plaintiffs' failure to comply with the filing fee requirement. Dkt. No. 5 ("February 2018 Order"). Plaintiffs were advised in the February 2018 Order that if they desired to pursue this action they must so notify the Court within thirty (30) days and either (1) pay the $400.00 filing fee in full, or (2) each submit a completed, signed, and properly certified in forma pauperis ("IFP") application and signed authorization form. *Id*. at 2. Thereafter, in lieu of paying the filing fee, plaintiff Moreland filed an application to proceed IFP, together with an inmate authorization form. Dkt. No. 6 ("Moreland IFP Application"); Dkt. No. 7 ("Moreland Authorization Form"). In light of plaintiff Moreland's filing the Moreland IFP Application, the Clerk was directed to reopen this action and restore it to the Court's active docket. Dkt. No. 8. Plaintiff Newton has yet to comply with the February 2018 Order.

**B.     Filing Fee Requirements**

A civil action is commenced in federal district court "by filing a complaint." Fed. R. Civ. P. 3. The filing fee of $400.00 must also be paid at the time an action is commenced, unless a completed IFP application is submitted to the Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). The federal statute governing applications to proceed in forma pauperis in federal court, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, provides in pertinent part that an IFP application must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In accordance with Local Rule 5.4, a prisoner seeking in forma pauperis status in a civil action subject to the PLRA may satisfy this requirement by submitting a completed, signed, and certified IFP application.[2]  N.D.N.Y.L.R. 5.4(b)(1)(A).

Local Rule 5.4 provides, in pertinent part, that, if the prisoner fails to fully comply with the above-described requirements after being informed by Court order of what is required, "the Court shall dismiss the action." N.D.N.Y.L.R. 5.4(b)(2)(A).[3]

When a civil action is commenced by a prisoner, additional restrictions are imposed by

---

[2] A "certified" IFP application is one on which the Certificate portion at the bottom of page two of the form IFP application has been completed and signed by an appropriate official at the plaintiff's facility. The Certificate portion of the IFP application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.

[3] Rule 41(b) of the Federal Rules of Civil Procedure permits a court, in its discretion, to dismiss an action based upon the failure of a plaintiff "to comply with these rules or a court order, . . ." Fed. R. Civ. P. 41(b). It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

the PLRA. One such requirement is set forth in 28 U.S.C. § 1915(b)(1), which states that, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). In accordance with the statute, the filing fee is paid over time from funds available in the plaintiff's prison account.[4] Although the Second Circuit has not addressed the issue, most courts have held that the fact that there are multiple plaintiffs in an action does not reduce or otherwise negate the obligation imposed on each incarcerated plaintiff to pay the filing fee under 28 U.S.C. § 1915(b)(1). *See Podius v. Federal Bureau of Prisons,* No. 16-CV-6121 (RRM)(PK), 2017 WL 1040372, at *2 (E.D.N.Y. March 16, 2017)*; Ashford v. Spitzer*, No. 9:08-CV-1036 (Decision and Order filed Mar. 16, 2010, Dkt. No. 127) (holding that, in an action filed by multiple prisoners proceeding in forma pauperis, each of the six plaintiffs "must individually comply with the [terms of] Section 1915(b)(1) which requires a prisoner to pay the full amount of the filing fee for any civil action commenced.");[5] *see also Razzoli v. Executive Office of U.S. Marshals*, No. 10-CV-4269, 2010 WL 5051083, at *3 (E.D.N.Y. Dec. 2, 2010) (holding that where there are multiple prisoner plaintiffs, each must comply with the requirements for seeking in forma pauperis status); *Amaker v. Goord*, No. 09-CV-0396, 2009 WL 1586560, at *2 (W.D.N.Y. June 4, 2009) (holding that each plaintiff prisoner must file an in forma pauperis

---

[4] In furtherance of this requirement, the Northern District of New York requires all inmates to submit, in addition to a fully completed, certified IFP Application, the authorization form issued by the Clerk's Office. *See* N.D.N.Y.L.R. Rule 5.4(b). The inmate authorization form authorizes periodic withdrawals in respect of the filing fee and acknowledges the inmate plaintiff's obligation to pay the entire $350.00 filing fee "regardless of the outcome of my lawsuit."

[5] The proper application of the requirement set forth in 28 U.S.C. § 1915(b)(1) that each prisoner plaintiff who seeks in forma pauperis status be required to pay "the full amount of the filing fee" to an action brought by multiple plaintiffs was discussed at length in *Ashford*. *See Ashford* (Decision and Order filed March 16, 2012, Dkt. No. 127 at 3-9). "Absent specific instruction from the Second Circuit, and after reviewing the decisions of the various Circuits that have addressed the issue, [Judge Kahn] found that those cases concluding that prisoners may file joint actions but must each pay the full filing fee appear to be better reasoned." *Ashford* (Decision and Order filed March 16, 2012, Dkt. No. 127 at 9).

application and inmate authorization form) (citing cases).

## III. CONCLUSION

Until such time as each of the purported plaintiffs sign the complaint and each either pay the full filing fee, or otherwise comply with the February 2018 Order, review of the complaint would be premature.  Thus, for this case to proceed on behalf of Moreland and Newton, each of them must individually, within thirty (30) days from the filing date of this Decision and Order, sign and return to the Clerk of the Court the Certificate form included with this Decision and Order whereby each of them certifies that his signature on the Certificate shall serve as an original signature on the complaint (Dkt. No. 2) for the purposes of Federal Rules of Civil Procedure 11(a) and Local Rule 10(c)(2).[6]

In addition, for Newton to remain a plaintiff in this action, he must also within thirty (30) days from the filing date of this Decision and Order **either (1)** pay the Court's filing fee of four hundred dollars ($400.00) in full, **or (2)** submit a completed, signed and certified IFP application **and** a signed inmate authorization form reflecting his consent to pay the $350.00 filing fee over time, in installments.[7]

Plaintiffs are advised that if either of them does not fully comply with this Decision and Order within thirty (30) days from the filing date hereof, that non-complying individual will be dismissed as a party to this action without prejudice without further order of this Court.

---

[6] The Clerk shall send plaintiffs the Certificate form together with a copy of the complaint.

[7] The total cost for filing a civil action in this court is $400.00 (consisting of the civil filing fee of $350.00, see 28 U.S.C. § 1914(a), and an administrative fee of $50.00).  A party granted in forma pauperis status is not required to pay the $50.00 administrative fee; however, a prisoner granted in forma pauperis status is required to pay, over time, the full amount of the $350.00 filing fee, regardless of the outcome of the action.  See 28 U.S.C. § 1915(b)(3).

Upon full compliance with the filing requirements set forth in this Decision and Order by both plaintiffs, or upon full compliance with the filing requirements set forth in this Decision and Order by one of the plaintiffs and the expiration of the time for compliance set forth in this Decision and Order, whichever is earlier, the complaint will be subject to review under 28 U.S.C. § 1915(e) and/or 28 U.S.C. § 1915A.

**WHEREFORE**, it is hereby

**ORDERED** that Moreland and Newton must each individually, **within thirty (30) days** from the date of the filing of this Decision and Order, sign and return to the Clerk of the Court the Certificate included with this Decision and Order; and it is further

**ORDERED** that Newton must **within thirty (30) days** from the date of the filing of this Decision and Order **either (1)** pay the Court's filing fee of four hundred dollars ($400.00) in full, **or (b)** submit a completed, signed and certified IFP Application **and** a signed inmate authorization form reflecting his individual consent to pay the $350.00 filing fee over time, in installments; and it is further

**ORDERED** that if, within the time period specified above, Moreland or Newton fail to comply with the terms of this Decision and Order delineated above, the non-compliant individual will be dismissed from this action **without prejudice without further Order of this Court**; and it is further

**ORDERED** that upon full compliance with this Decision and Order or at the expiration of time set to comply, whichever is earlier, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the purported plaintiffs, along with a copy of the complaint, and the above-mentioned Certificate form.  The Clerk shall also serve Newton with an IFP Application and an Inmate Authorization Form.

**IT IS SO ORDERED.**

Dated:   April 6, 2018
         Syracuse, NY

*Brenda K. Sannes* (signature)
Brenda K. Sannes
U.S. District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES L. MORELAND, et al.,

                      Plaintiffs,

     v.                                                            9:18-CV-0181
                                                                       (BKS/DJS)

GERARD JONES, et al.,

                      Defendants.

---

**CERTIFICATE**

I, _____, hereby certify:

     The Clerk of the Court has provided a courtesy copy of the pro se Complaint (Dkt. No. 2) filed with the Clerk of District Court for the Southern District of New York on February 5, 2018. I certify that my signature on this Certificate shall serve as an original signature on the Complaint filed on February 5, 2018, for the purposes of Rule 11 of the Federal Rules of Civil Procedure and Rule 10.1(c)(2) of the Local Rules of Practice of for the Northern District of New York.

SIGNED on this_____day of_____, 2018.

                                                                        _____

                                                                        (Signature of Plaintiff)